REQUESTED BY: Senator Calvin F. Carsten Nebraska State Legislature Room 1518, State Capitol Lincoln, NE 68509
Dear Senator Carsten:
You have asked our opinion as to the constitutional validity of your amendment to the committee amendments to LB 816, which have now been adopted and are a part of LB 816. We will confine our opinion to a discussion of your amendment, rather than discuss the bill as a whole.
Your amendment would provide for the payment of $17,700,000 in state aid to the counties, to be distributed on the basis of the ratio of the total amount of property taxes levied by each county for county purposes to the total amount of property taxes levied by all counties for county purposes. It is our conclusion that this is a constitutionally valid formula for distribution.
We say this despite the fact that some language inState ex rel. Douglas v. Marsh, 207 Neb. 598,300 N.W.2d 181 (1980) may cast some doubt on the matter. In that case the court held a provision granting state aid on the basis of increases in the total amount of taxes levied in the county to be invalid, saying that it rewarded a county for imposing a higher mill levy, thereby raising more taxes, and penalized it for acting cautiously and carefully, reducing the levy. The court held this to be irrational. The same argument can be made with respect to your amendment.
Nevertheless, we would be prepared to defend the provision we are considering. We think perhaps it can be distinguished from the facts in State ex rel. Douglas v.Marsh, and we point out that the holding on that particular issue was not argued or advanced by either party to the suit, so the court has not had the advantage of adversary arguments on the matter.
We are prepared to argue that the formula you propose is rational. It reflects the tax effort of each county, and will result in all of the counties' in the state receiving the same percentage of the amount they raise by a property tax for county purposes. In effect, it amounts to the state's contributing a certain percentage of the county tax burden to each county, the percentage the same for each. We do not believe such a system is wholly irrational. The law is clear that if a rational basis exists for legislation, the court will not question the judgment of the Legislature.See, State ex rel. Douglas v. Gradwohl, 194 Neb. 745,235 N.W.2d 854 (1975).
Certainly an argument can be made that tying state aid to taxes raised by the county gives the county an opportunity to unilaterally increase the aid by increasing the taxes. There are, however, political considerations, consisting of taxpayer reaction, which may tend to minimize any deliberate attempts to benefit from this situation. The Legislature could well conclude that such constraints were enough to prevent an abuse of the system. We do not believe the court will overrule the Legislature on such a question, even if it disagrees.
We are further persuaded that the formula can be upheld by the fact that this formula has been used by many states for distributing state aid. We have read a publication entitled `The State of State-Local Revenue Sharing,' published by the Advisory Commission on Governmental Relations in December of 1980. On pages 11 and 12 of this publication it is stated that many states have avoided the problems of determining and combining a large number of need and tax capacity indicators, and have used similar methods. One of the two basic formulas given as examples arrives at the aid factor by dividing the community taxes by the statewide total of community taxes. This, of course is the formula we are considering.
On page 49 we find a discussion of Maryland's formulas for distributing state aid. One of those formulas distributes it in proportion to the local property tax levy. The discussion makes it clear that `levy' means the taxes raised by property taxation, and not the mill levy, so this formula is identical to yours.
We are not suggesting that simply because other states have used such a formula guarantees that our court will consider it rational. Nevertheless, the fact that a number of states have used such a formula should have some weight.
We believe your amendment is rationally based, and are prepared to defend it.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General